IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSALIE GROOMES,

        Plaintiff,

v.                                                                                          Civ. No. 20-493 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

        Defendant.

## MEMORANDUM OPINION AND ORDER[2]

Claimant Rosalie Groomes argues that the Administrative Law Judge ("ALJ") who denied her claim for disability insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, committed several instances of error. Among other things, Ms. Groomes argues that the ALJ failed to consider or discuss whether her back pain was a severe impairment, and therefore failed to consider whether the combination of all her medically determinable impairments rendered her disabled. The Court agrees with this contention. As a result, the Court GRANTS Ms. Groomes's Motion To Reverse And/Or Remand, Doc. 20, and remands this matter for further consideration consistent with this Opinion.[3]

---

[1] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 5, 12, 13. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

[3] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

**APPLICABLE LAW**

  A. <u>Disability Determination Process</u>

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

  (1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[4] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

  (2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

  (3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

  (4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the

---

[4] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

> most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.
>
> (5)   If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

    B.    <u>Standard of Review</u>

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the

evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

  A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Ms. Groomes argues that the Court should remand because: (1) the ALJ failed to consider her back pain "at all," Doc. 20 at 20-21; (2) the ALJ failed to consider her obesity "in a meaningful way," *id.* at 21-22; and (3) the ALJ failed to properly evaluate the opinion of her treating physician, Jennifer Pentecost, M.D., *id.* at 22. Because the Court agrees that the ALJ should have considered Ms. Groomes's back pain as a medically determinable impairment, the Court remands. The Court does not reach the balance of Ms. Groomes's arguments.

**I.     The ALJ Erred In Failing to Consider Ms. Groomes's Back Pain.**

In this case, the ALJ denied Ms. Groomes's claim for benefits at step two. The ALJ found that she has medically determinable impairments of "chronic liver disease and cirrhosis, hemolytic anemias, and obesity," but that she does not have an impairment or combination of impairments that has significantly limited her ability to perform basic work-related activities, and thus, the impairments were not severe. AR 19. The ALJ did not discuss Ms. Groomes's back pain at any point in the decision.

At step two, the ALJ must "consider the medical severity of [the claimant's] impairment(s). If [the claimant] do[es] not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that [the claimant is] not disabled." 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). Step two is "based on medical factors alone." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. § 416.908.

"The Supreme Court has adopted what is referred to as a 'de minimis' standard with regard to the step two severity standard: 'only those claimants with slight abnormalities that do

not significantly limit any "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987) (O'Connor, J., concurring)) (internal alterations omitted); *see also Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) ("this step requires a 'de minimis' showing of impairment"). "However, the claimant must show more than the mere presence of a condition or ailment." *Hinkle*, 132 F.3d at 1352. "If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three." *Id*

Importantly, "at step two, the ALJ must 'consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Langley*, 373 F.3d at 1123-24 (quoting 20 C.F.R. § 404.1523) (internal alterations omitted). "If the claimant's combined impairments are medically severe, the Commissioner must consider 'the combined impact of the impairments throughout the disability determination process.'" *Id.* (quoting 20 C.F.R. § 404.1523) (internal alterations omitted); *see also Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) ("[T]he regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his residual functional capacity (RFC) analysis at step four."). "[T]he failure to consider all of the impairments is reversible error." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

Ms. Groomes asserts that the ALJ should have found her back pain to be a "severe" impairment at step two, or that at the very least the ALJ was required to "assess" it. Doc. 20 at

6

20-21; Doc. 22 at 3-6. Because the Court finds that the ALJ had the duty to consider Ms. Groomes's back pain as a medically determinable impairment in combination with her other impairments at step two, the Court will remand. In light of this finding, the Court does not consider whether Ms. Groomes's back pain is "severe" such that she meets her burden at step two. The Court will leave that task to the ALJ in the first instance; it confines its ruling to an instruction that the ALJ *consider* the back pain at step two.

The Administration's own regulations are clear: "In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523(c); *id.* § 416.923(c). "It is beyond dispute that an ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less." *Salazar*, 468 F.3d at 621-22.

The ALJ recognized that Ms. Groomes has the medically determinable impairments of chronic liver disease and cirrhosis, hemolytic anemias, and obesity. AR 19. Thus, if back pain is an "impairment"—whether severe or not—the ALJ was required to consider it in combination with her other impairments. Instead, the ALJ neglected to discuss back pain at all. There can be little dispute in this case that Ms. Groomes's back pain is a medically determinable impairment. According to the Administration, an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521; *id.* § 416.921. "Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical

7

source." *Id.* The Administration will not use a "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment[]." *Id.*

Ms. Grooms has objective medical evidence of back pain. On October 4, 2017, an x-ray revealed: "Degenerative changes. On the right, at presumed L3-L4 increased density/ calcification appears to be related to facet joint . . . . Mid and lower lumbar facet arthrosis . . . . Atherosclerosis." AR 453. Ms. Groomes's treating physician explained on September 26, 2018 that Ms. Groomes has back pain and that the x-ray "showed degenerative changes." AR 598. And on January 11, 2019, Ms. Groomes underwent an MRI of her lumbar spine which revealed: "There is decrease in the normally high T2 signal of the L5-S1 intervertebral disc indicating some disc degeneration . . . . Facets show mild degenerative change bilaterally at the L4-5 level. There is central protrusion of the L5-S1 disc which indents the thecal sac . . . . Three are mild degenerative changes of the facets bilaterally at the L5-S1 level." AR 571.

In similar situations, the Tenth Circuit has required relatively little medical evidence to establish the existence of an impairment which triggers the ALJ's duty to discuss it. *Salazar v. Barnhart*, 468 F.3d 615, 617-20, 621-22 (10th Cir. 2006) (personality disorder was an impairment when repeatedly diagnosed by examining physicians even when interspersed with reports that the claimant was "doing great"); *Spicer v. Barnhart*, 64 F. App'x 173, 176 (10th Cir. 2003) (medical evidence consisted of an x-ray showing mild degenerative changes and observations by physicians); *Railey v. Apfel*, 134 F.3d 383 (table), 1998 WL 30236, at *3 (10th Cir. 1998) (the ALJ's failure to mention plaintiff's back impairment, wrist impairment or respiratory impairment at step two constituted legal error).

The Commissioner does not argue that Ms. Groomes's back pain is *not* a medically determinable impairment. Instead, she argues that "diagnosis alone does not establish that the

impairment was severe under agency regulations." Doc. 21 at 8. This is true, but it is responsive to only one of Ms. Groomes's arguments: that her back pain is a severe impairment. It is not responsive to Ms. Groomes's other argument: that the ALJ was required to at least *assess* her back pain. And while "the mere diagnosis of an impairment does not necessarily compel a finding of disability, the regulations do require the ALJ to at least consider a demonstrated impairment throughout the disability determination process." *Spicer v. Barnhart*, 64 F. App'x 173, 177 (10th Cir. 2003).

The Commissioner also relies on *Cowan v. Astrue*, in which the Tenth Circuit agreed the claimant had no severe mental impairments where the sum total of the relevant medical evidence was that the claimant was "prescribed an anti-depressant at one point because he was not sleeping well and had been sad and tearful." 552 F.3d 1182, 1186 (10th Cir. 2008); Doc. 21 at 8. This case is not relevant to the question of what level of medical evidence is required to establish a medically determinable impairment. That is because in *Cowan*, the ALJ analyzed the claimant's depression as an impairment at step two, rather than ignoring it (as in the present case). *Id.* at 1186-87. *Cowan* does nothing to undermine the Court's conclusion that the ALJ failed to discuss Ms. Groomes's back pain despite objective medical evidence of such an impairment (two laboratory tests and a physician's evaluation that ties that evidence to her back pain).

The Commissioner also argues that a physical examination in November 2017 revealed Ms. Groomes had no physical limitations of any kind, and that the same physician who diagnosed Ms. Groomes with chronic back pain also stated she was "unable to assess" Ms. Groomes's physical functioning. Doc. 21 at 8 (citing AR 484-87, 650-52). Thus, argues the Commissioner, Ms. Groomes did not meet her burden to show that her impairments resulted in

any work-related limitations. Doc. 21 at 8-9. The problem with this argument is that the ALJ did not consider any of this medical evidence in the first instance. Neither the Commissioner nor this Court may raise post hoc justifications for the decision below. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). The Court cannot affirm a finding that the ALJ did not make: that Ms. Groomes's back pain is not a severe impairment causing work-related limitations. A reasonable factfinder could find her back pain to be a severe impairment, either alone or in combination with her other impairments; thus, the Court cannot find that this error is harmless.

The Court does not reach Ms. Groomes's remaining arguments because they could be mooted by the ALJ's reconsideration of a severe impairment or combination of impairments at step two.

## II.    The Court Will Not Order An Award Of Benefits.

In her reply brief, Ms. Groomes argues that the Court should outright award benefits because the ALJ stated Ms. Groomes would grid out[5] if she had a severe impairment. Doc. 22 at 7-8. The Court will deny this request for several reasons. First, Ms. Groomes did not make this request in her opening brief. Ms. Groomes asked for "remand or outright reversal," Doc. 20 at 22, but did not mention the phrase "outright award of benefits" and certainly did not support such a request with legal argument or authority. The request has thus been waived.

---

[5] The agency's medical vocational guidelines are known as "the grids." "The grids contain tables of rules which direct a determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (citing 20 C.F.R. 404, subpt. P, App. 2). "[T]he grids may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987). While the "mere presence of a nonexertional impairment does not preclude reliance on the grids," *Ray v. Bowen*, 865 F.2d 585, 588 (10th Cir. 1990), the Social Security Administration may not rely conclusively on the grids unless it finds, in part, "that the claimant has no significant nonexertional impairment." *Thompson*, 987 F.2d at 1488.

Even if the Court were to evaluate Ms. Groomes's request for an outright award of benefits on its merits, the Court would deny it. As explained above, the Court remands the case for the ALJ to *consider* whether Ms. Groomes's back pain, singly or in combination with her other impairments, meets the claimant's burden at step two. The Court does not dictate the result of that consideration because it is for the ALJ to weigh, in the first place, the conflicting medical evidence regarding Ms. Groomes's back pain singly and in combination with her other impairments.

Finally, the Court denies the request because ALJs are not bound by their prior statements or findings after a case is remanded. Preclusion principles do not "bind the ALJ to his earlier decision. To hold otherwise would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact, and making corrections, if appropriate." *Campbell v. Bowen,* 822 F.2d 1518, 1522 (10th Cir. 1987). The Tenth Circuit has "decline[d] to constrain the ALJ in a manner not mandated by the regulations." *Id.*; *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1224 (10th Cir. 2004) ("It was certainly within the ALJ's province, upon reexamining [claimant's] record, to revise his RFC category.").

The Court will remand the case to the agency for an application of the proper legal standards in the first instance.

## CONCLUSION

For the reasons stated above, Ms. Groomes's Motion To Reverse And/Or Remand, Doc. 20, is **GRANTED**.

*[signature]*

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**